IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ZACHARY WATTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-00692-SMY |
| | ) |
| BIG MUDDY CORRECTIONAL CTR., | ) |
| and ZACHARY ROCKEMAN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is now before the Court for review of Plaintiff's first amended complaint (Doc. 5) filed on July 20, 2015. Plaintiff's original complaint (Doc. 1) provided no statement of the claim or request for relief. In an Order dated July 6, 2015 (Doc. 3), the Court dismissed Plaintiff's complaint for failure to state a claim, but granted Plaintiff leave to file an amended complaint in accordance with Rule 8 of the Federal Rules of Civil Procedure. The Court explained in detail the purpose of the statement of the claim and provided guidance on what the complaint should contain.

Despite the Court's explicit instructions, Plaintiff's first amended complaint contains neither a statement of his claims nor any request for relief. In addition, there is no grievance attached to the amended complaint. The original complaint included a grievance describing a body and cavity search Plaintiff was subjected to on May 13, 2014 at Big Muddy River Correctional Center (hereinafter referred to as the "2014 Big Muddy Strip Search Claims." The amended complaint is of no help to Plaintiff. Again, without a statement of his claims, the Court

1

has no way to assess Plaintiff's complaint or to determine whether Plaintiff has any legitimate claims against the named Defendants.

To further complicate matters, Plaintiff has now submitted a copy of an emergency grievance (Doc. 8) he filed at Pinckneyville on June 29, 2015, which raises new claims arising out of his confinement there (hereinafter referred to as the "2015 Pinckneyville Medical and Disability Claims"). In this grievance, Plaintiff claims that he has been unable to obtain diapers and the kind of colostomy bags he requires since his transfer to Pinckneyville. In addition, he states that his cell is not wheelchair accessible or equipped with a call button. In a response dated July 20, the grievance counselor noted that Plaintiff had been seen by medical staff and that the medical supply issue had been "addressed and resolved," but the response did not address Plaintiff's other concerns. While the issues raised in this emergency grievance certainly may implicate Plaintiff's constitutional rights, they appear to be unrelated to the claims Plaintiff seemed to be raising in his first complaint, and most likely must be filed in a separate lawsuit. *See George v. Smith,* 507 F.3d 605, 607 (7th Cir.2007) ("Unrelated claims against different defendants belong in different suits ...").

Although it appears from Plaintiff's grievances that he may have viable claims, he has thus far been unable to draft a valid complaint, despite clear guidance from the Court. Plaintiff has not yet filed a motion requesting appointment of counsel, but at this juncture it appears that counsel may be necessary to investigate and adequately articulate a claim, if there is one to be made. *See Childress v. Walker*, 787 F.3d 433, 443 (7th Cir. 2015).

28 U.S.C. § 1915(e)(1) provides that "[t]he district court may request an attorney to represent any person unable to afford counsel." In *Childress*, the Seventh Circuit reiterated the

analysis set forth in *Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007) regarding when a district court should recruit counsel under § 1915(e)(1):

> If a plaintiff makes a reasonable attempt to secure counsel, the court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Pruitt,* 503 F.3d at 655. This inquiry does not focus solely on the plaintiff's ability to *try* his case—it also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." *Id.* When ruling on a motion to recruit counsel, the court should take account of all evidence in the record relevant to the plaintiff's capacity to litigate.

*Childress v. Walker*, 787 F.3d 433, 443 (7th Cir. 2015) (quoting *Navejar v. Iyiola,* 718 F.3d 692, 696 (7th Cir.2013) (per curiam)). Such evidence "may include any physical, intellectual, or psychological limitations the plaintiff may have, as well as the practical problems the plaintiff may encounter in gathering evidence from individuals employed by an institution in which he is no longer housed." *Id*. (internal citations omitted).

      Here, Plaintiff has been granted leave to proceed *in forma pauperis*, thus establishing that he is unable to afford counsel. (*See* Doc. 7). Plaintiff has also demonstrated that he is incapable of presenting his claims in the present action in a coherent fashion. Furthermore, Plaintiff is no longer housed at the facility in which his claims arose, and he has not been able to clearly identify the individuals who were personally involved with the 2014 Menard Strip Search Claims. The Court is cognizant of the fact that Plaintiff is wheelchair-bound, and that some of his claims may relate to his physical disability, which likely makes this case more complex than most. Finally, the Court is well aware of the challenges that *pro se* prisoner litigants face when attempting to secure counsel and does not doubt that Plaintiff would face similar challenges.

      In light of the foregoing, as well as the fact that the Court has been unsuccessful in its own attempts to recruit counsel from its voluntary *pro bono* panel for similarly situated

plaintiffs, the Court has decided to *sua sponte* assign counsel, randomly selected through the CM-ECF system, to represent Plaintiff in this matter.

**IT IS HEREBY ORDERED** that, in accordance with 28 U.S.C. § 1915(e)(1) and Local Rule 83.1(i), attorney **JOHANNA L. TRACY** of Myers, Miller et al., 30 North LaSalle St., Suite 2200, Chicago, Illinois 60602, is **ASSIGNED** to represent Plaintiff Watts in this civil rights case. Ms. Tracy is free to share responsibilities with an associate who is also admitted to practice in this district court. On or before **September 10, 2015**, assigned counsel shall enter her appearance in this case. Plaintiff should wait for Ms. Tracy to contact him in order to allow her an opportunity to review the court file. Plaintiff, in consultation with Ms. Tracy, shall decide whether he wishes to press forward in this action with the 2014 Big Muddy Strip Search Claims or the 2015 Pinckneyville Medical and Disability Claims, and whether he wants to pursue the alternative claims in a separate action. On or before **September 25, 2015**, Plaintiff, by and through counsel, shall file a second amended complaint in the present action. The second amended complaint in the present action will then undergo preliminary review.

Of course, if all of the claims may be properly joined in one action under Rules 18 and 20 of the Federal Rules of Civil Procedure, one complaint may be filed. However, Plaintiff is warned that misjoined claims will be severed and he will be assessed a separate filing fee for each severed action. If Plaintiff, in consultation with counsel, determines that he wants to file a separate action, it is strongly recommended that he use this district's civil rights complaint form. As such, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form and IFP Motion form. Ms. Taylor should assist Plaintiff with filling out these forms, but she shall have no further responsibilities related to this secondary action.

Plaintiff Watts is **ADVISED** that the Court will not accept any filings from him individually, with regard to *this* action, while he is represented by counsel, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

Plaintiff and his counsel are **ADVISED** that, because Plaintiff is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), any unpaid out-of-pocket costs must be paid from the proceeds. *See* SDIL-LR 3.1(c)(1). If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion to reimburse expenses. Section 2.6 of this Court's Plan for the Administration of the District Court Fund also provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no other authority to pay attorney's fees in this case.

The Clerk of Court is **DIRECTED** to mail this Order and copies of the docket sheet and Docs. 1, 5, and 8 to Ms. Tracy.

**IT IS SO ORDERED.**

**DATED: August 21, 2015**

s/ STACI M. YANDLE
**UNITED STATES DISTRICT JUDGE**