IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ZACHARY WATTS, # S-14615, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 15-cv-00692-SMY |
| | ) |
| ZACHARY ROCKEMAN, | ) |
| C/O SMITH, C/O NELLY, and | ) |
| UNKNOWN MEMBERS | ) |
| OF ORANGE CRUSH TEAM, | ) |
| | ) |
|       Defendants. | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

  Now before the Court is Plaintiff's Second Amended Complaint (Doc. 23). Plaintiff Zachary Watts, an inmate at Pinckneyville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights. Plaintiff claims that while he was housed at Big Muddy River Correctional Center in 2014, Defendants conducted a strip search in such a way that his rights were violated under the Eighth Amendment. After Plaintiff's first two attempts to draft a viable complaint failed, counsel was appointed to represent Plaintiff.

  The Second Amended Complaint (Doc. 23), prepared by counsel, is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the amended complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

  After a preliminary review, the Court finds that the Second Amended Complaint (Doc. 23) states an actionable claim under the Eighth Amendment against each of the named

1

Defendants, except Defendant Illinois Department of Corrections ("IDOC").  IDOC is listed as a Defendant in the caption, but not mentioned anywhere else in the complaint.  Perhaps the inclusion of IDOC in the caption was inadvertent.  Nevertheless, Plaintiff cannot maintain his suit against the Defendant Illinois Department of Corrections because it is a state government agency.

The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same).  As such, Defendant Illinois Department of Corrections shall be dismissed with prejudice.  Plaintiff may proceed on his Second Amended Complaint (Doc. 23) against all other named Defendants.

## Disposition

**IT IS HEREBY ORDERED** that the **ILLINOIS DEPARTMENT OF CORRECTIONS** shall be **DISMISSED WITH PREJUDICE** from this action.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **ZACHARY ROCKEMAN, C/O SMITH,** and **C/O NELLY** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days

from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown Members of the Orange Crush Team until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* has been granted.  See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 13, 2016**

                                                          s/ STACI M. YANDLE
                                                          **UNITED STATES DISTRICT JUDGE**